# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

LORI GOODMAN,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:16-5953

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Dismiss Plaintiff's Claims for Pre-judgment Interest and Attorney's Fees, ECF No. 11, and Motion to Dismiss Plaintiff's Demand for a Jury Trial, ECF No. 9. Plaintiff brought a tort action against the United States pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity, permitting citizens to sue the United States Government as a tortfeasor. The FTCA is a limited waiver of sovereign immunity and does not permit awards of pre-judgment interest nor attorney's fees. The FTCA similarly does not permit trial by jury. For the reasons further set forth in this Memorandum Opinion and Order, Defendant's motions are **GRANTED**.

Plaintiff Lori Goodman brought a medical malpractice claim against the United States pursuant to the FTCA for injuries sustained after a procedure performed at a federally assisted health care facility. Compl. ECF No. 1. Goodman requests awards of pre-judgment interest and attorney's fees and demands a jury trial. Compl. ¶ 23. The United States now moves this Court to dismiss Plaintiffs demand for a jury trial and her claims for pre-judgment interest and attorney's fees. Goodman did not respond to Defendant's motions.

"As sovereign, the United States, in the absence of its consent is immune from suit." *Library of Congress v. Shaw*, 478 U.S. 310, 315–16 (1986). Where the United States has waived immunity, the waiver is construed strictly and in favor of immunity. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). The FTCA waives sovereign immunity of the United States for tort liability, but the waiver is not wholesale. *See* 28 U.S.C. § 2674. The FTCA declares: "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for *interest prior to judgment* . . . ." *Id.* (emphasis added). The Supreme Court noted that unless an award of interest "was affirmatively and separately contemplated by Congress," the United States is not liable to pay interest on tort claims against it. *Shaw*, 478 U.S. at 315. Here, Congress has expressly forbade an award of pre-judgment interest for suits brought pursuant to the FTCA.

As is the case for awards of interest, so it is for attorney's fees. The FTCA makes no provision for an award of attorney's fees. The FTCA does not affirmatively bar them either. Nonetheless, the United States has not waived its immunity to an award of attorney's fees related to a tort action brought against it. This so because the status quo, which the FTCA augmented, was immunity from suit for the United States. *See* 28 U.S.C. § 2674. The FTCA waived immunity from tort liability, but as the Supreme Court has explained waivers of sovereign immunity are to be strictly construed and in favor of immunity. *See Nordic Village*, 503 U.S. at 33. Put differently, where Congress has not expressly waived immunity, the sovereign immunity of the United States remains intact, and Congress has not waived sovereign immunity for attorney's fees and expenses under the FTCA. *See Gaddis v. United States*, 381 F.3d 444, 464 (5th Cir. 2004); *Anderson v. United States*, 127 F.3d 1190, 1191–92 (9th Cir. 1997) ("Congress has not waived the government's sovereign immunity for attorney's fees and expenses under the FTCA."); *Bergman*

*v. United States*, 844 F.2d 353, 354 (6th Cir. 1988) ("It is clear that the FTCA does not waive the United States' immunity from attorney's fees."); *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir. 1985) (per curiam) ("The FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorney's fees against the United States directly under [the FTCA].").

Finally, Goodman is not entitled to a jury trial for her tort claims against the United States. 28 U.S.C. § 2402 expressly bars jury trials for tort actions brought against the United States. On this topic the Supreme Court observed: "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial. In tort actions against the United States Congress . . . provided that trials shall be to the court without a jury." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (citing 28 U.S.C. § 1346(b) (granting district courts jurisdiction over tort claims against the United States)); 28 U.S.C. § 2402). Goodman's demand for a jury trial, therefore, must be dismissed.

For the foregoing reasons Defendant's Motion to Dismiss Plaintiff's Claims for Pre-judgment Interest and Attorney's Fees, ECF No. 11, and Motion to Dismiss Plaintiff's Demand for a Jury Trial, ECF No. 9, are **GRANTED**. Plaintiff's claims for pre-judgment interest and attorney's fees and Plaintiff's demand for a jury trial are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 11, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE