# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

LORI GOODMAN,

      Plaintiff,

v.             CIVIL ACTION NO. 3:16-5953

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's Motion for Reconsideration. ECF No. 97. Defendant asks the Court to reconsider its Memorandum Opinion and Order, entered August 3, 2018, in which the Court denied in part Defendant's Motion for Partial Summary Judgment, ECF No. 36. ECF No. 95. For the reasons set forth herein, Defendant's Motion is **DENIED**.

The crux of Defendant's argument in support of its Motion for Reconsideration is that, in denying Defendant's Motion for Partial Summary Judgment, the Court improperly relied on Plaintiff's expert's Screening Certificate of Merit to support the proposition that Dr. Andrea Kellar's allegedly negligent care of Plaintiff extended beyond the operation Dr. Kellar performed on May 6, 2014. ECF No. 97. Defendant argues that Plaintiff's expert, Dr. Dein, initially asserted the opinion that Dr. Kellar's alleged negligence continued beyond May 6, 2014, but that the expert later abandoned that theory during discovery. *Id*. Defendant asserts that Dr. Dein's expert report and his deposition testimony indicate that his opinion is now restricted to the alleged negligence that occurred on May 6, 2014. *Id*.

In considering a motion for summary judgment, if the Court finds that the "evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party," then the motion should be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In their motions and responses, the parties have provided the Court with relevant evidence regarding the issue of Dr. Dein's expert opinions in this case. This evidence includes, among other exhibits, Dr. Dein's report dated September 1, 2017, addressed to Plaintiff's counsel, ECF No. 97-1, and Dr. Dein's deposition testimony, taken November 28, 2017, ECF No. 99-1. Upon consideration of this evidence, the Court finds that a reasonable factfinder could return a verdict in favor of Plaintiff such that summary judgment is inappropriate at this time.

During his deposition, Dr. Dein testified in detail regarding Dr. Kellar's post-operative care of Plaintiff. *See* ECF No. 99-1, at 4–6. He noted that Plaintiff returned to Dr. Kellar several times after her surgery and that during those appointments Plaintiff complained of complications and symptoms atypical of an ordinary patient's recovery from a hysterectomy. *Id*. The Court finds that this testimony is sufficient so as to create a genuine issue of material fact that would be inappropriate to resolve by way of summary judgment. The issue of whether Dr. Kellar was negligent in her provision of post-operative care to Plaintiff should be submitted to a fact-finder for resolution. Accordingly, Defendant's Motion for Reconsideration is **DENIED**.

Even in reaching this conclusion, however, the Court notes that if Dr. Dein is called to testify at trial his testimony will be limited to the opinions he expressed during the discovery phases of this litigation. He will be precluded from offering any new opinions not already disclosed and from broadening or deviating from the opinions he related during discovery.

For the reasons set forth herein, Defendant's Motion for Reconsideration, ECF No. 97, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 14, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE